**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4431**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

DONTE BERNARD BAKER, a/k/a Tay, a/k/a Donnie,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    James K. Bredar, District Judge.
(1:11-cr-00426-JKB-1)

_____

Submitted:  October 22, 2014        Decided:  October 29, 2014

_____

Before KING, SHEDD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Stuart O. Simms, Matthias L. Niska, BROWN, GOLDSTEIN & LEVY,
LLP, Baltimore, Maryland, for Appellant. Rod J. Rosenstein,
United States Attorney, Anthony J. Enright, Special Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donte Bernard Baker pleaded guilty to conspiracy to participate in racketeering activity, in violation of 18 U.S.C. § 1962(d) (2012); conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (2012); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Baker to 480 months of imprisonment and he now appeals. Finding no error, we affirm.

Baker first argues on appeal that the district court erred in denying his motion to withdraw his guilty plea. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). A defendant seeking to withdraw his guilty plea bears the burden of demonstrating that withdrawal should be granted. Id.

In deciding whether to permit a defendant to withdraw his guilty plea, a district court should consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). "To prevail on [the fourth] factor, [a defendant] must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there was a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." United States v. Bowman, 348 F.3d 408, 416 (4th Cir. 2003) (internal quotation marks omitted). We have thoroughly reviewed the record and find no abuse of discretion in the district court's denial of Baker's motion to withdraw his guilty plea.

Baker argues that the sentence is substantively unreasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2009); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). Based upon our review of the record and the district court's statements at sentencing, we conclude that Baker has failed to demonstrate that the sentence is unreasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid in the decisional process.

AFFIRMED